IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

CHRISTINE M. ROBERTS,            )
                                 )
                Plaintiff,       )
                                 )
v.                               )      Case No. CIV-16-389-RAW-KEW
                                 )
NANCY A. BERRYHILL, Acting       )
Commissioner of Social           )
Security Administration,         )
                                 )
                Defendant.       )

**REPORT AND RECOMMENDATION**

Plaintiff Christine M. Roberts ("Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's applications for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and the case REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164

---

[1]   Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

(10th Cir. 1997)(citation omitted).   The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla.   It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting <u>Consolidated Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938)).   The court may not re-weigh the evidence nor substitute its discretion for that of the agency.  <u>Casias v. Secretary of Health & Human Servs.</u>, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." <u>Universal Camera Corp. v. NLRB</u>, 340 U.S. 474, 488 (1951); *see also*, <u>Casias</u>, 933 F.2d at 800-01.

## Claimant's Background

Claimant was 42 years old at the time of the ALJ's decision. Claimant completed her education through the eighth grade. Claimant has worked in the past as a nurse's aide, sales clerk, and retail store manager.   Claimant alleges an inability to work beginning September 22, 2009 due to limitations caused by pain in the shoulders, fibromyalgia, arthritis, severe back and knee problems, and foot pain.

## Procedural History

On September 25, 2012, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On October 23, 2014, a hearing was held before ALJ Doug Gabbard, II in McAlester, Oklahoma. By decision dated January 13, 2015, the ALJ found that Claimant was not disabled during the relevant period and denied Claimant's request for benefits. On July 7, 2016, the Appeals Council denied review of the ALJ's decision. Thus, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step four of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform her past relevant work.

## Errors Alleged for Review

Claimant asserts the ALJ committed error in (1) failing to properly evaluate the medical source evidence; and (2) failing to perform a proper credibility determination.

## Consideration of the Medical Record

In his decision, the ALJ determined Claimant suffered from the severe impairments of degenerative disc disease of the lumbar spine, obesity, and status post bilateral shoulder surgery. (Tr. 27). He concluded Claimant retained the RFC to perform light work except that she was able to perform work that involves frequent climbing of ramps/stairs; no climbing of ladders, ropes, or scaffolds; unlimited balancing; frequent stooping, kneeling, crouching, and crawling; and occasional overhead reaching with her right (dominant) arm. (Tr. 29). The ALJ found at step four that Claimant could perform her past relevant work as a sales clerk and retail sales manager. (Tr.35). After consultation with a vocational expert, the ALJ alternatively found Claimant could perform the representative jobs of furniture rental clerk and arcade attendant, both of which the vocational expert testified existed in sufficient numbers in the national and regional economies. (Tr. 37). As a result, the ALJ determined Claimant had not been under a disability from September 22, 2009 through the date of the decision. Id.

Claimant contends the ALJ failed to properly consider the opinion of her treating physician, Dr. Kim L. Kurvink. Dr. Kurvink treated Claimant extensively from 2010 through 2014. (Tr. 567-638, 763-68, 962-89, 996-1000). On May 24, 2013, Dr. Kurvink completed

a physical medical source statement on Claimant. She determined Claimant was not able to frequently lift/carry any weight but could occasionally lift/carry less than ten pounds, noting Claimant was "very limited due to back & shoulder pain." Dr. Kurvink estimated Claimant could stand/walk about 30 minutes in a typical eight hour workday and could continuously stank/walk for 30 minutes with usual breaks. (Tr. 738). She also found Claimant could sit for 30 minutes in a typical eight hour workday with usual breaks, could continuously sit for 30 minutes, and would be required to lie down during the normal workday to manage pain or other symptoms. Claimant was limited by Dr. Kurvink in pushing and/or pulling because "both shoulders hurt, limiting use of arms. Back hurts." Claimant could never climb, balance, stoop, crouch, or crawl and could only occasionally kneel, reach, handle, finger, and feel. Claimant was required to avoid heights and cold temperatures. Dr. Kurvink explained the limitations in function were caused by Claimant's shoulder pain. (Tr. 739).

In explaining the basis for her findings, Dr. Kurvink stated narratively that "[Claimant] has low back pain, 7 to 8/10 in severity, while on pain medications, and severe pain in her shoulders. She has L. knee pain. These areas are tender." She stated that she included Claimant's subjective complaints, noting "[Claimant] has fibromyalgia." (Tr. 740).

6

The ALJ noted Dr. Kurvink's treatment and findings and acknowledged that "some of her restrictions are consistent with the evidence of musculoskeletal impairment," but concluded that the physician

> relied too heavily on the claimant's subjective complaints of pain, as illustrated by her remarks quoted above, as well as a lock of objective evidence of left knee impairment. Since the claimant's subjective statements are not reliable, the persuasiveness of Dr. Kurvink's assessment is quite low. Moreover, as previously discussed, Dr. Kurvink's own treatment records show conservative treatment and mostly mild abnormal findings on examination, like tenderness, diminished range of motion, and slightly elevated blood pressure. . . . While there is objective evidence of significant physical impairments, Dr. Kurvink's restrictions are not entirely supported by the record as a whole. Therefore, this assessment is given partial weight.

(Tr. 34).

Dr. Kurvink based her findings not only on the subjective statements of pain professed by Claimant, but also on the objective findings of mild to moderate tenderness in the lower back (Tr. 576-638, 763-68, 962, 967, 987, 995-96, 999-1000), decreased range of motion of the lumbar spine (Tr. 577, 583, 585, 597, 599, 601, 603, 605, 609, 611, 613, 616, 620), leg muscle weakness (Tr. 577, 583, 597, 997, 999), and decreased sensation in the left foot and positive straight leg raising on the right side. (Tr. 613, 638). Dr. Kurvink also found Claimant had tenderness to palpation of the shoulders with decreased range of motion, and arm muscle weakness. (Tr. 579, 581, 583, 585, 587, 601, 603, 605, 609, 616, 618, 634,

636, 638, 999).    These findings hardly represent "normal" examination findings as represented by the ALJ.

Moreover, later MRIs performed on Claimant's lumbar spine indicate she demonstrated canal attenuation at L2-3. (Tr. 643-44). A 2013 MRI showed a protruded disc on the right side "within the epidural space" which did not appear on prior MRIs. (Tr. 994). This objective testing gives further support to the pain findings by Dr. Kurvink and stated by Claimant.

In deciding how much weight to give the opinion of a treating physician, an ALJ must first determine whether the opinion is entitled to "controlling weight." Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003). An ALJ is required to give the opinion of a treating physician controlling weight if it is both: (1) "well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) "consistent with other substantial evidence in the record." Id. (quotation omitted). "[I]f the opinion is deficient in either of these respects, then it is not entitled to controlling weight." Id.

Even if a treating physician's opinion is not entitled to controlling weight, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527." Id. (quotation omitted). The factors reference in that section are:  (1) the length of the

treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.  Id. at 1300-01 (quotation omitted). After considering these factors, the ALJ must "give good reasons" for the weight he ultimately assigns the opinion.  20 C.F.R. § 404.1527(d)(2); Robinson v. Barnhart, 366 F.3d 1078, 1082 (10th Cir. 2004)(citations omitted).  Any such findings must be "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinions and the reason for that weight."  Id.  "Finally, if the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so."  Watkins, 350 F.3d at 1301 (quotations omitted).

The ALJ failed to give adequate justification for only giving partial weight to the treating physician's opinion given the examination findings which support the conclusion.  On remand, he shall re-evaluate the evidence and provide specific reasons for the

significant reduction in the weight provided to the treating physician's opinions, explaining why the objective findings are rejected.

### Analysis of Claimant's Credibility

The ALJ found Claimant's allegations of pain to be "minimally credible." (Tr. 34). The evidence indicates Claimant could not perform activities of daily living due to her physical limitations. (Tr. 359-61, 363, 366, 369, 372, 374, 586, 621, 997). This Court would be remiss if it did not note that Claimant has clearly been "drug seeking" in obtaining or attempting to obtain pain medication, which is of concern. No medical professional, however, has indicated that the medication did not assist in alleviating or reducing her pain. Claimant's behavior, therefore, does not affect the credibility of her assertions of pain.

It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id.

Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location,

duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3. It must be noted that the ALJ is not required to engage in a "formalistic factor-by-factor recitation of the evidence." Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000). Given the objective evidence to support Claimant's assertions of pain, the ALJ shall re-evaluate her testimony and limitations.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED** and the case should be

**REMANDED** for further proceedings.

The parties are herewith given fourteen (14) days from the date of the service of this Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 16th day of January, 2018.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE

12